JAMES CUNNINGHAM, PETITIONER-RESPONDENT, v. RICHARD ASHURST, RESPONDENT, AND COMMERCIAL CASUALTY INSURANCE COMPANY, IMPLEADED-PROSECUTOR.

JAMES CUNNINGHAM, PETITIONER-PROSECUTOR, v. RICHARD ASHURST, RESPONDENT, AND COMMERCIAL CASUALTY INSURANCE COMPANY, IMPLEADED-RESPONDENT.

Argued January 18, 1944—Decided March 16, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For James Cunningham, *James M. Davis, Jr.,* and *John A. Laird.*

For Commercial Casualty Insurance Co., *Howard Eastwood.*

The opinion of the court was delivered by

BODINE, J. The petitioner in this case is an aged man employed as supervisor on Mr. Richard Ashurst's estate in Mount Holly. On March 19th, 1937, he met with an accident arising out of and in the course of his employment. His injuries were serious and medical and hospital bills large. The man was found to be totally disabled.

In October of 1937 a petition was filed with the Workmen's Compensation Bureau and he was awarded 100 per cent. permanent disability, together with medical and other allowances. This judgment having been entered by default and there having been a misunderstanding between the Commercial Casualty Insurance Company, which carried Mr. Ashurst's insurance, the judgment was opened by consent and a new proceeding was instituted before the Bureau. The Commercial Casualty Insurance Company was named with Mr. Ashurst as party respondent. It disclaimed liability because Mr. Ashurst had failed to advise it of the date the petition was served and failed to inform it as to the time when the petition was heard and had failed to advise it when the Deputy Commissioner of Compensation had filed his findings and entered a rule for judgment.

In this state, *R. S.* 34:15–85, which had been upon the books for twenty years before the accident, provides: "Every such contract shall provide, or be construed to provide, that, as between the employee and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier; that jurisdiction of the employer shall, for the purpose of this article,

be jurisdiction of the insurance carrier, and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation."

This was not a case of non-coverage which would present a law question. However, the action of the Bureau in dismissing because of non-coverage was not challenged. Its error is, therefore, not now available.

At all events, there was an award against Mr. Ashurst. Petitioner-respondent then instituted a proceeding in the Circuit Court to enforce the judgment against the insurance carrier. The award having been duly docketed in the Court of Common Pleas (R. S. 34:15–58) and in the Supreme Court on November 2d, 1940; the payment was accelerated by order of that court. The Circuit Court proceeding was instituted under R. S. 34:15–82 and R. S. 34:15–83. It was held that on the proofs presented there was no remedy in that court. A proceeding was then initiated in the Court of Common Pleas under R. S. 34:15–84. Such proceeding may be instituted by the employee against the insurance carrier at any time that there is failure by the employer, for any reason, to make adequate and continuous payments of the award as the proofs there showed. The case, by consent, was tried before the court without a jury and there was a recovery.

Cross-writs of *certiorari* were allowed to review the judgment in the Pleas. The petitioner-respondent complains because the court credited upon his accelerated judgment wages paid to him which he expended to secure others to perform the service he performed before his incapacity occurred. There was no basis whatever for such a credit upon the award of compensation. *Blackford* v. *Green,* 87 *N. J. L.* 359.

The Commercial Casualty Insurance Company contends that the judgment of the Burlington Court of Common Pleas is based upon a judgment improvidently entered in the Supreme Court under R. S. 34:15–66.1. *Moore* v. *E. B. Badger & Son,* 128 *N. J. L.* 478. This case was decided in July of 1942. The Supreme Court judgment was entered

November 2d, 1940, and remained unchallenged in a direct proceeding. It is not necessary to determine whether such judgment could be rendered. Perhaps, the statute does require legislative clarification.

In our view, the proceeding upon the judgment entered upon the award in the Bureau was authorized because of the failure of the employer to make adequate and continuous compensation payments. *R. S.* 34:15–84. The right of the employee against his employer's insurance carrier is derived from the statute. He can make the carrier a party in the Bureau or upon failure of the employer to make adequate and continuous payments an action may be brought against the carrier on the award. The employee can apply for relief, as was done in this case, to the Court of Common Pleas where his judgment was docketed. *American Mutual Liability Insurance Co.* v. *Chodosh,* 123 *N. J. L.* 81.

Regarding the proceeding before us an action in the Court of Common Pleas against the insurance carrier upon the employer's non-compliance with the award, a judgment should be entered in that court against the insurance carrier for the amount of the award in the Bureau, with interest, after the docketing date from the time each payment should have been made. *Simon* v. *New Jersey Asphalt and Paving Co.,* 123 *N. J. L.* 232; *Flanagan* v. *Charles E. Green & Son,* 121 *Id.* 327; *affirmed, Id.* 424.

The writ of the Commercial Casualty Insurance Company will be dismissed, with costs.